**AkermanSenterfitt**
ATTORNEYS AT LAW

Dallas
Denver
Fort Lauderdale
Jacksonville
Los Angeles
Madison
Miami
New York
Orlando
Tallahassee
Tampa
Tysons Corner
Washington, DC
West Palm Beach

Esperante Building
222 Lakeview Avenue, Suite 400
West Palm Beach, Florida 33401-6147

Post Office Box 3188 *mail*
West Palm Beach, Florida 33402-3188

www.akerman.com

561 653 5000 *tel*   561 659 6313 *fax*

David I. Spector
561 671 3616
david.spector@akerman.com

January 28, 2010

The Honorable Keith P. Ellison
United States District Judge
515 Rusk Avenue
Room 3716
Houston, TX 77208

Re: <u>TimeGate Studios, Inc. v. Southpeak Interactive Corp. and Gone Off Deep, LLC d/b/a Gamecock Media Group,</u>
Case No: 4:09-CV-03958

Dear Judge Ellison:

The undersigned represents the Defendants in the above referenced case. As an initial matter, thank you very much for your courtesy and understanding during the hearing held on January 22, 2010.

I am in receipt of Mr. Zavitsanos's correspondence to the Court which was E-Filed on January 26, 2009 [D.E. 22.] In his correspondence, Mr. Zavitsanos requested that the Court set an immediate briefing schedule on (1) the Defendants' assertion that all of the claims in this case are arbitrable, and (2) the construction of the definition of a cost of goods sold (COGS) in the contract between TimeGate and Gamecock. As set forth below, Plaintiff's request for such an immediate briefing schedule is premature and contrary to the Federal Rules of Civil Procedure.

As the Court may recall, during the last hearing, Plaintiff's counsel stated his client had (within the hour of the hearing) filed an Amended Complaint and that as a result of the discussions had at the hearing, Plaintiff would be filing a Second Amended Complaint immediately. Plaintiff's counsel indicated that the Second Amended Complaint would likely include additional defendants. Currently, the Defendants response to the Second Amended Complaint is due on February 1, 2010. As of yesterday, Mr. Zavitsanos advised that the Second Amended Complaint may be filed at some point next week and asked our law firm to accept

{WP644853;3}

The Honorable Keith P. Ellison
January 28, 2010
Page 2

---

service on behalf of certain additional parties Plaintiff now intends on suing. Plaintiff's amended pleading may therefore alter the nature of this action.

At present, the currently named Defendants believe that the entire dispute, which centers on the purported breach of contract by Defendant Gone Off Deep, LLC d/b/a Gamecock Media Group, is subject to a mandatory arbitration clause. However, in light of Plaintiff's desire to now file a Second Amended Complaint and add additional parties, it would be in the interest of judicial economy to not require briefing on the arbitration issue until such time that Plaintiff has made its decision as to the substance of the claims asserted in the Second Amended Complaint. Otherwise, if the parties begin to brief the arbitration issue now, such briefs will have to be amended in light of potential additional claims and parties. By way of illustration, the differences between the original Complaint and Amended Complaint are significant. Specifically, and without limiting the generality of the foregoing, Plaintiff dropped the breach of contract claim against Southpeak Interactive Corp., dropped Count Three for "Fraud, Fraudulent Inducement and Fraudulent Concealment," dropped Count Four for "Civil Conspiracy," and dropped Count Five for "Accounting" from the initial Complaint. However, the Amended Complaint added counts for alleged Copyright Infringement, Trademark Dilution and included an Application for Receiver. The point is that the two Complaints are very different and it is reasonable to believe that the Plaintiff's third Complaint (all within a few weeks) might also vary substantially.

Based on Plaintiff's advisement that a Second Amended Complaint is forthcoming, Defendants will be filing the appropriate motion in the next 24 hours asking that the Defendants' time to respond to the Amended Complaint be stayed until such time Plaintiff files its Second Amended Complaint as represented.

Additionally, once the Defendants receive the pleading upon which Plaintiff intends on proceeding, an analysis will have to be made as to whether such additional claims are able to withstand a Rule 12(b)(6) analysis as well as whether the additional parties are proper.

Therefore, the Defendants respectfully suggest that a briefing schedule on the arbitration issue be set to begin approximately three (3) weeks after service of Plaintiff's Second Amended Complaint and provided there are no additional amendments to follow.

As for the issue of the construction of the definition of a cost of goods sold (COGS) contained in the contract between TimeGate and Gamecock, it appears Plaintiff is stating that it anticipates seeking a Partial Summary Judgment on its breach of contract count pursuant to Rule 54 at an early venture. The Defendants respectfully suggest that Plaintiff file such a motion when it deems appropriate and the Defendants will respond in accordance with the Federal Rules of Civil Procedure.

Lastly, the Plaintiff has raised the issue of the extraordinary prayer for a receiver. We agree with Mr. Zavitsanos that moving forward with that issue must wait until the Court resolves

The Honorable Keith P. Ellison
January 28, 2010
Page 3

---

the preliminary issues both identified by the Plaintiff as well the additional issues created by the Plaintiff filing a Second Amended Complaint.

It is apparent that the Plaintiff believes it is entitled to an expedited handling of this routine commercial case. In that regard, Defendants were just made aware that Plaintiff issued third party subpoenas without giving notice as required by Rule 45. Defendants are in the process of attempting to resolve this issue with Plaintiff's counsel and if unsuccessful, may require Court intervention. As indicated at the hearing last week, the Plaintiff knew about the sale of Gone Off Deep for many months, and nonetheless, kept contracting with Gone Off Deep through the amendments to the underlying contract through the end of 2009. This case presents no urgency that would require any deviation from the normal management of this Court's docket.

Respectfully submitted,

AKERMAN SENTERFITT

David I. Spector


cc:     John Zavitsanos, Esq.
        Scott Weiss, Esq.
        Charles Townsend, Esq.
        Debbie Pacholder, Esq.
        Steve Mitby, Esq.
        Venus A. Caruso, Esq.

{WP644853;3}