IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **TIMEGATE STUDIOS, INC.,** § | |
| § | |
| Plaintiff, § | |
| § | Case No. 4:09-CV-03958 |
| v. § | |
| § | |
| **SOUTHPEAK INTERACTIVE CORP.,** § | |
| **SOUTHPEAK INTERACTIVE, LLC,** § | |
| **GONE OFF DEEP, LLC d/b/a** § | |
| **GAMECOCK MEDIA GROUP AND** § | |
| **TERRY M. PHILLIPS,** § | |
| § | |
| Defendants. | |

### DEFENDANTS', SOUTHPEAK INTERACTIVE CORP. , SOUTHPEAK INTERACTIVE, LLC AND GONE OFF DEEP, LLC d/b/a GAMECOCK MEDIA GROUP , INITIAL DISCLOSURES

Defendants, SouthPeak Interactive Corp., Southpeak Interactive, LLC (collectively, "SouthPeak") and Gone Off Deep, LLC d/b/a Gamecock Media Group ("Gamecock"), (collectively the "Defendants"), hereby submit the following disclosures pursuant to Rule 26(a), Federal Rules of Civil Procedure.

### DISCLOSURES

Defendants have made a reasonable and good faith effort in responding to the initial disclosure requirements set forth in Fed. R. Civ. P. 26(a)(1). Without waiving any defenses, Defendants disclose individuals and documents that may be used to support their defenses and any future claims. Defendants' investigation into the Plaintiff's claims that are the basis of this action are incomplete and continuing and, therefore, Defendants expressly reserve the right to supplement these disclosures.

By providing these disclosures, Defendants do not represent that they are identifying every document, tangible thing, or witness possibly relevant to this action. In addition, these disclosures are made without Defendants in, any way, waiving their right to object on any grounds to any discovery request or proceeding involving or relating to the subject matter of these disclosures, including but not limited to, objections based upon privilege, work product, relevancy, undue burden, and confidentiality. Furthermore, the disclosures are made without Defendants waiving its right to object on any grounds to the use of disclosed information for any purpose, in whole or in part, in any subsequent proceeding in this action or any other action.

{WP646804;4}

Furthermore, these disclosures are not an admission of any kind whatsoever on the part of Defendants regarding any matter. All of the disclosures set forth below are subject to the foregoing qualifications and limitations.

**I.     The name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information:**

Defendants presently believe that the following individuals are likely to have discoverable information that may be used to support its defenses in this action:

|   | **Name, Address and Telephone Number** | **Subjects of Information** |
|---|---|---|
| 1 | Adel Chavelch<br>TimeGate Studios, Inc.<br>c/o John Zavitsanos | Chavelch has discoverable information regarding the allegations made in Plaintiff's Second Amended Complaint. |
| 2 | Timothy Christian<br>c/o John Zavitzanos | Christian likely has discoverable information regarding the audit of Gamecock and the amount of royalties TimeGate claims in this action. |
| 3 | Melanie Mroz<br>SouthPeak Interactive Corp.<br>c/o David Spector | Mroz likely has discoverable information regarding the agreements between Vid Agon, LLC, and SouthPeak, and between SouthPeak and Gamecock, including the ownership structure of SouthPeak Interactive Corporation and Gamecock, and other SouthPeak related entities. |
| 4 | Terry Phillips<br>SouthPeak Interactive Corp. | Phillips likely has discoverable information regarding the agreements between Vid Agon, LLC, and SouthPeak, and between SouthPeak and Gamecock, including the ownership structure of SouthPeak Interactive Corporation and Gamecock, and other SouthPeak related entities. |
| 5 | Harry Miller<br>Gamecock Media Group<br>c/o David Spector | Miller likely has discoverable information regarding the agreements between TimeGate and Gamecock, and between SouthPeak and Gamecock. |
| 6 | Stephen P. Gibson<br>c/o Perpetual Corporation<br>1000 Wilson Boulevard<br>Suite 2700<br>Arlington, VA  22209 | Gibson likely has discoverable information regarding the agreements between Vid Agon, LLC, Vid Sub, LLC and SouthPeak. |

**DEFENDANTS' INITIAL DISCLOSURES**
Case No. 4:09-cv-03958; *TimeGate Studios, Inc. v. SouthPeak Interactive Corp., Gone Off Deep, LLC d/b/a Gamecock Media Group*

**2 of 6**

{WP646804;4}

Additionally, Defendants believe that all individuals identified by Plaintiff in their Rule 26(a) disclosures to be filed may have discoverable information that Defendants may use to support its defenses in this action. Defendants also identify all persons that might be named or referred to in documents produced in the course of discovery, all persons that might be named in responses to interrogatories and all persons that might be named during depositions. Defendants reserve the right to supplement or amend these disclosures as may become necessary as this litigation progresses.

**II.    A copy of, or a description by category and location of, all documents, electronically stored information, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment:**

Defendants disclose and describe by category the following non-privileged documents, electronically stored information, and tangible things that are or may be in the possession, custody or control of Defendants, c/o David Spector, Akerman Senterfitt, and that Defendants currently and reasonably believe may be used to support its defenses, unless solely for impeachment:

1. Documents, including but not limited to, agreements, reports, memoranda, etc., and communications, including but not limited to, emails and correspondence, between and among the parties concerning Section 8;

2. Payments made and received in connection with Section 8 relating to, among other things, the development, manufacturing, publication, distribution, and sale.

3. Financial reports relating to Section 8 including, but not limited to, costs, costs of goods sold, revenue, royalties and other like documentation.

4. All documents and correspondence to be identified by Plaintiff in its Rule 26(a) initial disclosures.

Defendants reserve the right to supplement or amend these disclosures as may become necessary as this litigation progresses.

**III.    A computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered:**

**Response:**

**DEFENDANTS' INITIAL DISCLOSURES**
Case No. 4:09-cv-03958; *TimeGate Studios, Inc. v. SouthPeak Interactive Corp., Gone Off Deep, LLC d/b/a Gamecock Media Group*

**3 of 6**

{WP646804;4}

Defendants are not claiming any damages at this time.   Defendants reserve the right to supplement or amend these disclosures as may become necessary as this litigation progresses.


**IV.    For inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment:**

Carolina Casualty Insurance Company's Directors' and Officers' and Corporate Liability Insurance Policy attached hereto.

Dated: February  11, 2010.

              Respectfully submitted,

              By:    /s/  David I. Spector
                 David I. Spector
                 Fla. Bar No. 086540
                 Attorney-in-Charge
                 AKERMAN SENTERFITT, LLP
                 222 Lakeview Avenue
                 Fourth Floor
                 West Palm Beach, FL 33401
                 Telephone: 561.653.5000
                 Facsimile:  561.659.6313
                 *Counsel for Defendants*

**DEFENDANTS' INITIAL DISCLOSURES**

Case No. 4:09-cv-03958; *TimeGate Studios, Inc. v. SouthPeak Interactive Corp., Gone Off Deep, LLC d/b/a Gamecock Media Group*

**4 of 6**

{WP646804;4}

## CERTIFICATE OF SERVICE

I hereby certify that on this **11th** day of February, 2010, I electronically transmitted the foregoing to the Clerk's Office using the ECF System for filing and transmittal of a Notice of Electronic filing and to the following ECF registrants:

| | |
|---|---|
| John Zavitsanos<br>Ahmad, Zavitsanos & Anaipakos, P.C.<br>State Bar No. 22251650<br>3460 One Houston Center<br>1221 McKinney Street<br>Houston, Texas  77010-2009<br>Telephone:  (713) 655-1101<br>Facsimile:  (713) 655-0062<br>jzavitsanos@azalaw.com<br>*ATTORNEY IN CHARGE for Plaintiff* | David I. Spector<br>Florida Bar No. 086540<br>david.spector@akerman.com<br>Akerman Senterfitt<br>Esperante Building – 4th Floor<br>222 Lakeview Avenue, Suite 400<br>West Palm Beach, FL 33401<br>Tel:  (561) 653-5000<br>Fax: (561) 659-6313<br>(*admitted pro hac vice*)<br>*ATTORNEY IN CHARGE for Defendants* |
| Steven J. Mitby<br>State Bar No. 24037123<br>Ahmad, Zavitsanos & Anaipakos, P.C.<br>1221 McKinney Street, Suite 3460<br>Houston, Texas  77010-2009<br>Telephone:  (713) 655-1101<br>Facsimile:  (713) 655-0062<br>smitby@azalaw.com<br>*Attorney for Plaintiff* | Venus A. Caruso<br>Florida Bar No. 0790001<br>venus.caruso@akerman.com<br>Akerman Senterfitt<br>Esperante Building – 4th Floor<br>222 Lakeview Avenue, Suite 400<br>West Palm Beach, FL 33401<br>Tel:  (561) 653-5000<br>Fax: (561) 659-6313<br>(*admitted pro hac vice*)<br>*Attorney for Defendants* |
| Debora Simon Pacholder<br>State Bar No. 00784969<br>Ahmad, Zavitsanos & Anaipakos, P.C.<br>1221 McKinney Street, Suite 3460<br>Houston, Texas  77010-2009<br>Telephone:  (713) 655-1101<br>Facsimile:  (713) 655-0062<br>dpacholder@azalaw.com<br>*Attorney for Plaintiff* | Charles Townsend<br>State Bar No. 24028053<br>Federal Bar No. 1018722<br>Akerman Senterfitt LLP<br>600 N Pearl St., Suite S1900<br>Dallas, Texas 75201<br>Telephone: (214)720-4311<br>Facsimile:  (214) 981-9339<br>charles.townsend@akerman.com<br>*Attorney for Defendants* |

**DEFENDANTS' INITIAL DISCLOSURES**
Case No. 4:09-cv-03958; *TimeGate Studios, Inc. v. SouthPeak Interactive Corp., Gone Off Deep, LLC d/b/a Gamecock Media Group*

**5 of 6**

{WP646804;4}

Scott Weiss, Corporate Counsel
State Bar No. 24042134
TimeGate Studios, Inc.
14140 Southwest Fwy., Suite 200
Sugar Land, Texas 77478
Telephone:  (281) 295-4122
Facsimile:  (832) 201-0687
sweiss@timegate.com
*Attorney for Plaintiff*

                                            */s/  David I. Spector*

**DEFENDANTS' INITIAL DISCLOSURES**
Case No. 4:09-cv-03958; *TimeGate Studios, Inc. v. SouthPeak Interactive Corp., Gone Off Deep, LLC d/b/a Gamecock Media Group*                                                                **6 of 6**

{WP646804;4}