IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TIMEGATE STUDIOS, INC. | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | C.A. No. 4:09-CV-03958 |
| | § | |
| SOUTHPEAK INTERACTIVE CORP., | § | |
| SOUTHPEAK INTERACTIVE, LLC, | § | JURY DEMANDED |
| GONE OFF DEEP, LLC d/b/a | § | |
| GAMECOCK MEDIA GROUP and | § | |
| TERRY M. PHILLIPS | § | |
| | § | |
| *Defendants*. | § | |

**PLAINTIFF'S AMENDED INITIAL DISCLOSURES**

NOW COMES, Plaintiff TimeGate Studios, Inc., and pursuant to Federal Rule of Civil Procedure 26(a)(1), hereby discloses to Defendants SouthPeak Interactive Corp., SouthPeak Interactive, LLC, Gone Off Deep, LLC d/b/a Gamecock Media Group and Terry M. Phillips the following:

**i.    The name and, if known, the address and telephone number of each individual likely to have discoverable information –along with the subjects of that information – that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.**

Chip Anderson
Phillips Sales Inc.
2900 Polo Parkway, Suite 104
Midlothian, VA 23113
Mr. Anderson has knowledge of the agreements between SouthPeak and Phillips Sales, Inc.

Custodian of Records for
Arvato Digital Services
108 Monticello Road
Weaverville, NC 28787

1

Knowledge of the pre-orders, ordered, purchased, and sold copies of Section 8. A subpoena has been served on the entity and any documents produced thereto would also contain the knowledge known by the entity regarding Section 8.

Custodian of Records for
Best Buy Co., Inc.
c/o registered agent
CT Corp
350 North St. Paul St.
Dallas, Texas 75201
Knowledge of the pre-orders, ordered, purchased, and sold copies of Section 8. A subpoena has been served on the entity and any documents produced thereto would also contain the knowledge known by the entity regarding Section 8.

Adel Chaveleh
TimeGate Studios, Inc.
14140 Southwest Freeway, Suite 200
Sugar Land, Texas 77478
281-295-4263
Mr. Chaveleh has knowledge of his conversations with Ms. Mroz and Mr. Phillips regarding Gamecock's ability to perform its obligations to TimeGate under the Publishing Agreement for Section 8. Moreover, he has knowledge of TimeGate's termination of the Publishing Agreement.

Tim Christian
TC Associates, Ltd.
London, England
+447768883808
Mr. Christian is an expert in the field of royalty audits for the video game industry and he has knowledge of his audit of SouthPeak's accounting records. Mr. Christian calculated the royalty payments due to TimeGate from SouthPeak for sales which occurred during the third quarter of 2009 for Section 8.

Custodian of Records for
Comp USA Retail, Inc.
c/o Corporation Service Company
11 Harbor Park Dr.
Port Washington, NY 11050
Knowledge of the pre-orders, ordered, purchased, and sold copies of Section 8. A subpoena has been served on the entity and any documents produced thereto would also contain the knowledge known by the entity regarding Section 8.

Custodian of Records for
Deep Silver, Inc.
2615 Pacific Coast Highway #225
Hermosa Beach, CA 90254
Knowledge of the pre-orders, ordered, purchased, and sold copies of Section 8. A subpoena has been served on the entity and any documents produced thereto would also contain the knowledge known by the entity regarding Section 8.

David Dienstbier
SouthPeak Interactive
2900 Polo Parkway, Suite 104
Midlothian, VA 23113
817-305-0055
817-909-5007
Mr. Dienstbier is the EP for SouthPeak and has knowledge of his communications with Adel Chaveleh regarding transitional period after the Gamecock acquisition.

Custodian of Records for
Digital River, Inc.
c/o custodian of records
9625 West 76th Street
Eden Prairie, MN 55344
Knowledge of the pre-orders, ordered, purchased, and sold copies of Section 8. A subpoena has been served on the entity and any documents produced thereto would also contain the knowledge known by the entity regarding Section 8.

Custodian of Records for
Ditan Distribution
c/o Matthew Scanian
2400 Main Street Extension, Suite Three
Sayreville, NJ 08872
Knowledge of the pre-orders, ordered, purchased, and sold copies of Section 8. A subpoena has been served on the entity and any documents produced thereto would also contain the knowledge known by the entity regarding Section 8.

Steve Escalante
7013 Via Correto Dr.
Austin, Texas 78749
602-908-0408
443-708-0420
Mr. Escalante was Gamecock's former Vice-President of Sales, and a former salesman for SouthPeak. He has knowledge of SouthPeak's breach of contract related to his employment contract.

Custodian of Records for
Eurpac
c/o Mike Skinner
1421 Diamond Spring Road
Virginia Beach, VA 23455
Knowledge of the pre-orders, ordered, purchased, and sold copies of Section 8. A subpoena has been served on the entity and any documents produced thereto would also contain the knowledge known by the entity regarding Section 8.

Custodian of Records for
Fed Ex Corporation
c/o registered agent
CT Corp
350 North St. Paul St.
Dallas, Texas 75201
Knowledge of the pre-orders, ordered, purchased, and sold copies of Section 8. A subpoena has been served on the entity and any documents produced thereto would also contain the knowledge known by the entity regarding Section 8.

Bernie Fischbach
Fischbach, Pedstein, Lieberman & Almond, LLP
1875 Century Park East, Suite 1450
Los Angeles, CA 90067
310-556-4617
Mr. Fischbach was counsel for SouthPeak and has knowledge of his communications with Scott Weiss regarding Section 8 and related matters.

Custodian of Records for
Fry's Electronics, Inc.
c/o agent
Glenn A. Ballard, Jr.
Bracewell & Giuliani, LLP
711 Louisiana St., Suite 2300
Houston, Texas 77002
Knowledge of the pre-orders, ordered, purchased, and sold copies of Section 8. A subpoena has been served on the entity and any documents produced thereto would also contain the knowledge known by the entity regarding Section 8.

Custodian of Records for
Gamestop Corporation
625 Westport Parkway
Grapevine, TX 76501
Knowledge of the pre-orders, ordered, purchased, and sold copies of Section 8. A subpoena has been served on the entity and any documents produced thereto would also contain the knowledge known by the entity regarding Section 8.

Brian Garrison
Vice President of Sales
SouthPeak Interactive
2900 Polo Parkway, Suite 104
Midlothian, VA 23113
Mr. Garrison has knowledge of the commission schedule between SouthPeak and Phillips Sales, Inc.

Stephen Gibson
Vice President
VID AGON, LLC and VID SUB, LLC
1000 Wilson Boulevard
Arlington, Virginia 22209
Mr. Gibson has knowledge of the purchase agreement between SouthPeak and VID AGON, LLC and VID SUB, LLC.

Tim Hesse
Unknown address
Mr. Hesse was formerly an Executive Producer at SouthPeak that worked on Section 8. He has knowledge of SouthPeak's business practices.

Richard Iggo
VP Marketing
SouthPeak Interactive
2900 Polo Parkway, Suite 104
Midlothian, VA 23113
Mr. Iggo has knowledge of his communications with TimeGate regarding the unauthorized Section 8 domain name registrations and hosting issues.

Michael Lee Jackson
Senior VP of Business Affairs at Immergent, LLC
Mr. Jackson was counsel for Gamecock and has knowledge of its relationship with TimeGate. He also has knowledge of SouthPeak's business practices.

Andrea Jones
Cherry, Bekaert & Holland, LLP
Richmond, Virginia
Ms. Jones was the Chief Financial Officer for SouthPeak Interactive and has knowledge of its accounting practices, financial statements, liabilities and general business practices.

Christopher Lax
Director of Business Development
SouthPeak Interactive
2900 Polo Parkway, Suite 104
Midlothian, VA 23113
Mr. Lax has knowledge of the SouthPeak's marketing budget.

Avi Lipsker
Gamecock Media Group, LLC
Mr. Lipsker has knowledge of the royalty statements for Section 8 and transaction involving IC for the PS3 version of Section 8.

Harry Miller
Devolver Digital
Austin, Texas
Mr. Miller was the president of Gamecock and executed the June 15, 2007 Publishing Agreement between Gone Off Deep, LLC and TimeGate. He has knowledge of the intent of the parties pertaining to the allocation of COGS and SouthPeak's business practices.

Melanie Mroz
SouthPeak Interactive
2563 SW Grapevine Pkwy
Grapevine, Texas 76051
214-850-7441 cell

Ms. Mroz is the President / CEO of SouthPeak and she has knowledge of the acquisition of Gamecock by SouthPeak, including but not limited to the consolidation of Gamecock's accounting books and records. She also has knowledge of her communications with Mr. Chaveleh regarding Gamecock's ability to perform its obligations under the Publishing Agreement of Section 8. Additionally, she has knowledge of the four amendments to the Publishing Agreement. Ms. Mroz has knowledge of the agreements between SouthPeak and Phillips Sales, Inc. Moreover, she has knowledge of website registration by SouthPeak for Section 8. Ms. Mroz has knowledge of her communications with Adel Chaveleh regarding the receipt of $250,000 from IC for the PS3 version of Section 8.

Custodian of Records for
Navarre Corporation
7400 49th Avenue North
New Hope, MN 55428
Knowledge of the pre-orders, ordered, purchased, and sold copies of Section 8. A subpoena has been served on the entity and any documents produced thereto would also contain the knowledge known by the entity regarding Section 8.

Custodian of Records for
Optical Experts Manufacturing
8500 S. Tryon Street
Charlotte, NC 28273
Knowledge of the pre-orders, ordered, purchased, and sold copies of Section 8. A subpoena has been served on the entity and any documents produced thereto would also contain the knowledge known by the entity regarding Section 8.

Denis Papp
CTO
TimeGate Studios, Inc.
14140 Southwest Freeway, Suite 400
Sugar Land, Texas 77478
281-295-4263
Mr. Papp is the CTO of TimeGate Studios, Inc.

Gregory Phillips
Unknown address
Mr. Phillips was the secretary/treasurer for Phillips Sales, Inc. and the Secretary/Treasurer for SouthPeak Interactive and executed the Sales Agreement on behalf of both parties for Phillips Sales, Inc. and SouthPeak.

Terry Phillips
SouthPeak Interactive
2900 Polo Parkway, Suite 104
Midlothian, VA 23113

Mr. Phillips is the Chairman of the Board for SouthPeak and has knowledge of the Distribution Agreement between SouthPeak and Gamecock. He also has knowledge of the acquisition of Gamecock by SouthPeak, including but not limited to the consolidation of Gamecock's accounting books and records. Additionally, Mr. Phillips signed the Agreement on behalf of both SouthPeak and Gamecock. He has knowledge of his communications with Mr. Chaveleh regarding Gamecock's ability to perform its obligations under the Publishing Agreement of Section 8. He also has knowledge of the four amendments to the Publishing Agreement. Mr. Phillips has knowledge of the various contracts entered into by SouthPeak with entities controlled by Mr. Phillips to collect "distribution fees." Mr. Phillips has knowledge of the SEC investigation regarding SouthPeak's financial SouthPeak's financial statements and the events surrounding the termination of its former chief financial officer. Mr. Phillips has knowledge of the agreements between SouthPeak and Phillips Sales, Inc. Furthermore, he has knowledge of the purchase agreement entered into between SouthPeak and VID AGON, LLC and VID SUB, LLC.

Eric Quellette
FireFly Studios
166 Albany Turnpike
Canton, Connecticut 06109
Mr. Quellette is the founder of FireFly Studios and has knowledge of SouthPeak's general business practices.

Robert Siwiak
TimeGate Studios, Inc.
14140 Southwest Freeway, Suite 400
Sugar Land, Texas 77478
281-295-4263
Mr. Siwiak is the producer of Section 8 and has knowledge of Section 8's single player components.

David Stelzer
Vice President and General Counsel
SouthPeak Interactive
2563 SW Grapevine Pkwy
Grapevine, Texas 76051
817-305-0055
Mr. Stelzer has knowledge of his communications regarding the liabilities of both SouthPeak and Gamecock.

Custodian of Records for
Target Corporation
c/o registered agent
CT Corp
350 North St. Paul St.

Dallas, Texas 75201
Knowledge of the pre-orders, ordered, purchased, and sold copies of Section 8. A subpoena has been served on the entity and any documents produced thereto would also contain the knowledge known by the entity regarding Section 8.

Custodian of Records for
Topware Interactive
c/o registered agent
James Seaman
3960 Howard Hughes Parkway
Las Vegas, NV 89109
Knowledge of the pre-orders, ordered, purchased, and sold copies of Section 8. A subpoena has been served on the entity and any documents produced thereto would also contain the knowledge known by the entity regarding Section 8.

Custodian of Records for
Toys "R" Us
One Geoffrey Way
Wayne, New Jersey 07470-2030
Knowledge of the pre-orders, ordered, purchased, and sold copies of Section 8. A subpoena has been served on the entity and any documents produced thereto would also contain the knowledge known by the entity regarding Section 8.

Custodian of Records for
Valve Corporation (Steam)
PO Box 1688
Bellevue, WA 98009
Knowledge of the pre-orders, ordered, purchased, and sold copies of Section 8. A subpoena has been served on the entity and any documents produced thereto would also contain the knowledge known by the entity regarding Section 8.

Custodian of Records for
Walmart.com USA, LLC
c/o registered agent
350 North St. Paul St.
Dallas, Texas 75201
Knowledge of the pre-orders, ordered, purchased, and sold copies of Section 8. A subpoena has been served on the entity and any documents produced thereto would also contain the knowledge known by the entity regarding Section 8.

Custodian of Records for
Walmart Stores, Inc.
c/o registered agent
350 North St. Paul St.
Dallas, Texas 75201

>Knowledge of the pre-orders, ordered, purchased, and sold copies of Section 8. A subpoena has been served on the entity and any documents produced thereto would also contain the knowledge known by the entity regarding Section 8.
>
>Mike Wilson
>Devolver Digital
>Austin, Texas
>512-328-2625
>Mr. Wilson was Chief Executive Officer of Gamecock and has knowledge regarding the relationship between Gamecock and TimeGate. He also has knowledge regarding the general business practices of SouthPeak.
>
>Additionally, Plaintiff believes that the individuals identified by Defendants in their Rule 26(a) disclosures may have discoverable information that Plaintiff may use to support its claims in this action. Plaintiff also identify all persons that might be named or referred to in documents produced in the course of discovery, all persons that might be named in responses to interrogatories and all persons that might be named during depositions. Plaintiff reserves the right to supplement or amend these disclosures as may become necessary as this litigation progresses.

ii. **A copy – or a description by category and location – of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.**

>1. Sales Representative Agreement between SouthPeak Interactive and Phillips Sales, Inc. dated July 21, 2006.
>2. Publishing Agreement for Section 8 by and between Gone Off Deep, LLC and TimeGate Studios, Inc. dated June 15, 2007.
>3. Amendment No. 1 to the Publishing Agreement for Section 8 by and between Gone Off Deep, LLC and TimeGate Studios, Inc dated January 6, 2009.
>4. Amendment No. 2 to the Publishing Agreement for Section 8 by and between Gone Off Deep, LLC and TimeGate Studios, Inc dated June 12, 2009.
>5. Amendment No. 3 to the Publishing Agreement for Section 8 by and between Gone Off Deep, LLC and TimeGate Studios, Inc dated August 14, 2009.
>6. Amendment No. 4 to the Publishing Agreement for Section 8 by and between Gone Off Deep, LLC and TimeGate Studios, Inc dated September 21, 2009.
>7. Amendment No. 5 to the Publishing Agreement for Section 8 by and between Gone Off Deep, LLC and TimeGate Studios, Inc dated October 29, 2009.

8. Distribution Agreement between SouthPeak Interactive, LLC and Gone Off Deep, LLC dated October 10, 2008.
9. Membership Interests Purchase Agreement by and among SouthPeak Interactive Corporation and VID AGON, LLC and VID SUB, LLC dated October 10, 2008.
10. Letter from Scott Weiss to David Stelzer dated December 10, 2009.terminating the Publishing Agreement with Gone Off Deep, LLC.
11. Letter from Scott Weiss to David Stelzer dated February 8, 2010 and emails from December of 2009 regarding Section 8 and demand for return of product.
12. Email from Melanie Mroz to Adel Chaveleh regarding receipt of $250,000 for the PS3.
13. Certain communications between SouthPeak and TimeGate.
14. SEC file pertaining to SEC v. Capitol Distributing, LLC and Terry M. Phillips, Civil Action No. 1:07-CV-00798.
15. Administrative proceedings no. 3-12627 by the SEC in the matter of Terry M. Phillips.
16. Copyright Certificate for Section 8.
17. Trademark Registrations for Section 8.
18. Trademark registrations for TimeGate.
19. Documents related to Southpeak's unauthorized domain name registrations.
20. Publishing, License and Distribution Agreement in respect of the game titled: "Section 8" by and between the companies Gone Off Deep, LLC and 1C Europe, BV dated April 22, 2008.
21. SouthPeak documents reflecting reduction in the price of Section 8.
22. SouthPeak documents reflecting the Section 8 t-shirt contest.
23. Documents produced from Ditan Distribution in response to a subpoena pertaining to Section 8.
24. TC Associates – Review of Q3 Section 8 Royalty Report From Gone Off Deep, LLC / Gamecock Media Group dated January 2010.
25. SouthPeak's SEC filings and financial reports, including but not limited to its annual and quarterly reports, 10Q, 8K and 10K.
26. Judgment in *CDV Software Entertainment v. SouthPeak Interactive, LLC, SouthPeak Interactive Corporation, Gone Off Deep, LLC and Gamecock Media Group Europe, Ltd.* awarding $4.5 million to CDV Software Entertainment.
27. Additional documents related to SouthPeak's past and present litigation.

Some of the above described documents may be found at the offices of Ahmad, Zavitsanos & Anaipakos, P.C., 3460 One Houston Center, 1221 McKinney Street, Houston, Texas 77010. Plaintiff reserves the right to object to producing

the above documents on the grounds of privilege, invasion of privacy, and undue burden.

Plaintiff reserves the right to supplement or amend these disclosures as may become necessary as this litigation progresses.

iii. **A computation of each category of damages claimed by the disclosing party – who must also make available for inspection and copying under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.**

Damages attributable to Gone Off Deep, LLC d/b/a Gamecock

Based on the information Defendants provided to TimeGate during the audit conducted between January 6-8, 2010, the minimum amount Gamecock has damaged TimeGate is $301,940 for the third quarter sales (July 1, 2009 through September 30, 2009). This figure does not account for additional unreported sales that TimeGate contends Defendants withheld at the time of the audit.

With respect to the fourth quarter sales (October 1, 2009 through December 31, 2009), further discovery is required for the time period of October 1, 2009 through December 9, 2009 and is subject to the royalty rate set forth in the Publishing Agreement.

Any sales made on or after December 10, 2009, the date TimeGate terminated the Publishing Agreement with Gone Off Deep, LLC, are not subject to the royalty rate; rather, all revenue derived from sales of the Game are due and owing to TimeGate as a result of its breach of the Publishing Agreement.

Damages Attributable to SouthPeak Interactive Corporation and SouthPeak Interactive, LLC

TimeGate alleges that the SouthPeak Defendants were not parties to the Publishing Agreement, nor were they licensees and thus, had no rights to the Game. As such, TimeGate alleges that the SouthPeak Defendants infringed upon its intellectual property and any and all revenue generated from the Game is due and owing at this time.

Damages Attributable to Terry Phillips

Terry Phillips is liable for damages proximately caused by his failure to exercise reasonable care in the execution of the Distribution Agreement between Gamecock and SouthPeak. Liability for his failure to disclose Gamecock's insolvency to TimeGate has resulted in damages in an amount to be determined

12

        after all pertinent sales data is forwarded by Defendants.

**iv.**      **For Inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

        Defendants have disclosed that it has a policy with Carolina Casualty Insurance Company's Directors' and Officers' and Corporate Liability Insurance Policy.

Dated: <u>February 12, 2010.</u>

        Respectfully submitted,

        AHMAD, ZAVITSANOS & ANAIPAKOS, PC

         /s/ John Zavitsanos
        John Zavitsanos
        *Attorney In Charge*
        Texas Bar No.  22251650
        Federal Bar No. 9122
        AHMAD, ZAVITSANOS & ANAIPAKOS PC
        1221 McKinney Street, Suite 3460
        Houston, Texas  77010
        Telephone: 713-655-1101
        Facsimile: 713-655-0062
        jzavitsanos@azalaw.com
        ATTORNEYS FOR PLAINITFF
        TIMEGATE STUDIOS, INC.

OF COUNSEL:
Debora S. Pacholder
Texas Bar No.  00784969
1221 McKinney Street, Suite 3460
Houston, Texas  77010
Telephone: 713-655-1101
Facsimile: 713-655-0062
dpacholder@azalaw.com

Scott Weiss, Corporate Counsel
TimeGate Studios, Inc.
State Bar No. 24042134
14140 Southwest Freeway, Ste. 200
Sugar Land, Texas 77478
Telephone: 281-295-4122
Facsimile: 832-201-0687

## CERTIFICATE OF SERVICE

      I hereby certify that on the 12th day of February, 2010, a true and correct copy of the above and foregoing document was forwarded to the Clerk's Office using the ECF System for filing and transmittal of a Notice of Electronic filing and to the following ECF registrants:

David I. Spector
Akerman Senterfitt, LP
Esperante Building, 4th Floor
222 Lakeview Avenue
Fourth Floor
West Palm Beach, Florida 33401

Venus Caruso
Esperante Building, 4th Floor
222 Lakeview Avenue
Fourth Floor
West Palm Beach, Florida 33401

Charles Townsend
Akerman Senterfitt LLP
600 N Pearl St., Suite S1900
Dallas, Texas 75201

                                                /s/ John Zavitsanos
                                                John Zavitsanos