# AFFIDAVIT OF ADEL CHAVELEH

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TIMEGATE STUDIOS, INC., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:09-CV-3958 |
| | § | |
| SOUTHPEAK INTERACTIVE CORP., | § | JURY DEMANDED |
| ET AL, | § | |
| | § | |
| *Defendants.* | § | |

## **AFFIDAVIT OF ADEL CHAVELEH**

STATE OF TEXAS          §
                                          §
COUNTY OF FT. BEND  §

My name is Adel Chaveleh and I serve as president of TimeGate Studios, Inc. I am over the age of eighteen and have never been convicted of a felony or crime of moral turpitude. The statements of fact set forth herein are true and correct, and are within my personal knowledge.

1. All facts as alleged in the Motion for Injunctive Relief are true and correct and accurate as stated. TimeGate seeks an injunction in this litigation as a result of Defendants' intentional act of infringement that have an will continue to cause irreparable injury to its copyrighted work, trademarks and other interests in Section 8® for which there is no adequate remedy at law.

2. One or more Defendants (namely the SouthPeak Defendants) have infringed upon TimeGate's intellectual property and despite not having a sublicense, they have failed to pay TimeGate its royalties in connection with sales revenue that they collected and retained without permission, while also tarnishing its marks and causing confusion among the consuming public through their actions set forth in the Motion for Injunctive Relief. Additionally, the SouthPeak Defendants in cooperation with Defendant Gone Off Deep, LLC, received the economic benefit from the unlawful licensing of the Sony PlayStation 3 version of Section 8. These acts have

damaged TimeGate from a financial standpoint as well as the control aspect with respect to its intellectual property.

3. As to the ongoing harm, one or more Defendants have continue to sell and profit from Section 8, use TimeGate's marks in a manner that has caused a loss of control and continue to harm its financial well-being as it relates to Section 8 by harassing those it does business with.

4. Accordingly, an injunction is warranted due to the fact that TimeGate has shown (1) it has a substantial likelihood of prevailing on the merits, (2) that it will suffer irreparable injury if the injunction is denied, (3) that the harm outweighs any harm to Defendants if the injunction is granted, and (4) that the grant of an injunction will not disserve the public interest.

5. As such, the following exhibits are attached and incorporated into its Motion for Injunctive Relief. All are true and correct copies and are kept in the regular course of business:

6. Exhibit "A" is comprised on the Publishing Agreement signed by and between TimeGate and Defendant Gone Off Deep, LLC on June 15, 2007 for the Section 8 video game.

7. Exhibit "B" is comprised of an unapproved, undisclosed shoulder patch included in copies of the Game sold at Walmart that was manufactured by the SouthPeak Defendants. On July 27, 2010, I purchased a copy at Walmart that included the patch as shown. The exhibit also includes documentation of the internet contest held by the SouthPeak Defendants in which they permitted others to use TimeGate's marks without permission. The exhibit also includes documentation that the SouthPeak Defendants registered four infringing domain names without permission. The exhibit also includes documentation showing the undisclosed transaction for the PS3 rights in Section 8. Finally, the exhibit includes documentation showing that Section 8 is currently sold on the SouthPeak Defendants' website, but fails to include proper disclaimers.

8. Exhibit "C" is comprised of a cease and desist letter sent by one or more Defendants to Sony in order to harm TimeGate's business relationship pertaining to Section 8. Additionally, emails are included that reside on the TimeGate server.

9. Exhibit "D" is comprised of TimeGate's copyright and trademark registrations.

10. Exhibit "E" is comprised of the Distribution Agreement between Defendant Gone Off Deep, LLC and the SouthPeak Defendants which was withheld from TimeGate.

11. Exhibit "F" is comprised of emails that reside on the TimeGate server.

12. Exhibit "G" is comprised of each and every amendment to the Publishing Agreement, invoices and payments sent and received between TimeGate and Defendant Gone Off Deep, LLC and emails and other correspondence that reside on the TimeGate server.

13. Exhibit "H" is comprised of an email that resides on the TimeGate server.

14. Exhibit "I" is comprised of correspondence terminating the Publishing Agreement. TimeGate originally notified Defendant Gone Off Deep, LLC, followed by the SouthPeak Defendants given their mischaracterization as to their identity. Also included is subsequent correspondence in which the SouthPeak Defendants were requested to cease and desist from infringing upon TimeGate's intellectual property, all of which reside on TimeGate's server.

15. Exhibit "J" is comprised of a screen shot from the internet website "Supercheats" accessed from a TimeGate computer showing that the consuming public has become confused as to who owns the intellectual property rights in Section 8. The disclaimer at the bottom of the screen shot states that all logos and images are copyrights owned by the game publisher.

16. Exhibit "K" is comprised of correspondence to Defendant Gone Off Deep, LLC providing them with a right of first refusal to publish the PS3 version of Section 8, which was disregarded. Also included is an email from Defendants' in-house attorney acknowledging self-publication of the PS3 by TimeGate. These documents reside on the TimeGate server.

17. Exhibit "L" is comprised of a Morrison & Foerster publication regarding the *CDV v. SouthPeak Interactive, et al* litigation and an article from the industry gamer website.

18. Exhibit "M" is comprised of an affidavit from Harry Miller, president of Defendant Gone Off Deep, LLC at the time the Publishing Agreement was executed.

Further affiant sayeth not.

_____
Adel Chaveleh

**SUBSCRIBED AND SWORN TO BEFORE ME** on July 29, 2010

GLORIA J. MASHAYEKHI
Notary Public, State of Texas
My Commission Expires
June 20, 2012

_____
Notary Public, State of Texas