UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TIMEGATE STUDIOS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:09-cv-3958 |
| | § | |
| SOUTHPEAK INTERACTIVE, LLC, ET AL., | § | |
| | § | |
| | § | |
| Defendants. | § | |

## ORDER

On this day, the Court considered the Motion to Appear Pro Hac Vice filed by Plaintiff TimeGate Studios, Inc. ("TimeGate") on behalf of James I. Charne (Doc. No. 138). After considering the foregoing Motion and the applicable law, the Court **DENIES** the motion.

On July 19, 2010, the Court granted in part and denied in part Defendants' Motion to Compel Arbitration. (Doc. No. 119). The Court ordered that Plaintiff's claims for non-injunctive relief with respect to infringement of intellectual property rights be submitted to private arbitration. The Court retained jurisdiction over Plaintiff's claims for injunctive relief, but stayed this claims pending resolution of the claims submitted to arbitration. It appears that the parties have proceeded with private arbitration administered by the American Arbitration Association. (*Id* at 1.) The final arbitration hearing appears to be scheduled on April 26-29, 2011. (*Id.*)

TimeGate filed a motion to appear *pro hac vice* with the American Arbitration Association on behalf of James I. Charne. Mr. Charne is a California attorney who wishes to serve as co-counsel to TimeGate for the purposes of the private arbitration hearing. The American Arbitration Association has not yet ruled on the motion to appear *pro hac vice*.

1

TimeGate thereafter filed the present motion with the Court and "requests that [Mr. Charne] be admitted for purposes of the final arbitration hearing." (*Id.*)

Federal courts are authorized to promulgate local rules of court, including rules respecting the admission of lawyers to practice before the Court. *See Frazier v. Heebe*, 482 U.S. 641, 645 (1987) (citing 28 U.S.C. §§ 1654, 2071; Fed. R. Civ. P. 83(a)). When an attorney who is a member in good standing of a state bar moves for admission *pro hac vice* for purposes of admission to practice in federal court, the district court must grant the motion unless it finds the attorney has engaged in conduct that would justify disbarment. *See In re Conrad*, 211 Fed. Appx. 312, 313 (5th Cir. 2006) (citing *In re Evans*, 524 F.2d 1004, 1007-08 (5th Cir. 1975)).[1]

Our authority to admit attorneys *pro hac vice* is limited to appearances in proceedings in this Court. If TimeGate had confined its motion to appear *pro hac vice* to a request that Mr. Charne be admitted for purposes of appearing in the civil action pending in this Court, such motion would be unobjectionable. However, TimeGate has specifically requested that we grant a *pro hac vice* motion that admits Mr. Charne "for purposes of the final arbitration hearing." TimeGate has not cited any authority supporting a district court's power to admit out-of-state attorneys to practice in private arbitration proceedings occurring in the state in which the district court sits. We decline TimeGate's invitation to make such a ruling.

We express no opinion as to whether Mr. Charne's appearance and participation in the private arbitration would constitute the unauthorized practice of law under Texas law.[2] We also

---

[1] Section 82.0361 of the Texas Government Code and Rule XIX of the Rules Governing Admission to the Bar of Texas govern a non-resident attorney's admission *pro hac vice* to practice in proceedings in Texas state courts. *See Moreno v. State*, 246 S.W.3d 380 (Tex. App. Ct.—Amarillo, 2008).

[2] We note the vigorous debate among states regarding whether an out-of-state attorney's representation of a party in a private arbitration proceeding constitutes the unauthorized practice of law. *See D. Ryan Nayar, Unauthorized Practice of Law in Private Arbitral Proceedings: A Jurisdictional Survey*, 6 J. Am. Arbitration 1 (2007). Our research has not identified any courts in Texas to have addressed this issue.

express no opinion as to whether Mr. Charne's representation of TimeGate would render invalid any arbitration award arising from the arbitration proceeding.[3]

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on this the 12th day of April, 2011.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO ENSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**

---

[3] *See Colmar, Ltd. v. Fremantledmedia North America, Inc.*, 801 N.E.2d 1017 (Ill. App. Ct. 2003) (representation of an out-of-state client by an out-of-state lawyer during arbitration has no effect on validity of arbitration award); *cf. Williamson, P. A. v. John D. Quinn Constr. Corp.*, 537 F. Supp. 613, 616 (S.D.N.Y. 1982) (out-of-state attorney not admitted to practice law in New York could recover fees for representation during arbitration even though he had not been admitted *pro hac vice*).